IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | CIVIL ACTION |
| v. | |
| ONE (1) SIG SAUER, MODEL P320, 9 MM SEMI-AUTOMATIC PISTOL BEARING SERIAL NUMBER 58C008744, and ONE (1) SIG SAUER, MODEL P320, 9 MM SEMI-AUTOMATIC PISTOL BEARING SERIAL NUMBER 58A108984,<br>Defendants, | NO. 18-4802 |
| and | |
| GERALD TALLEY,<br>Claimant. | |

DuBois, J.                                                                 December 28, 2020

**M E M O R A N D U M**

### I.     INTRODUCTION

Plaintiff United States of America brings this action *in rem* seeking civil forfeiture of defendant property, One (1) Sig Sauer, Model P320, 9 mm Semi-Automatic Pistol Bearing Serial Number 58C008744 and One (1) Sig Sauer, Model P320, 9 mm Semi-Automatic Pistol Bearing Serial Number 58A108984 (the "defendant firearms"), pursuant to 18 U.S.C. § 924(d)(1).  The Government bases the forfeiture action on the allegation that the firearms were unlawfully possessed under § 922(g)(3) by claimant Gerald Talley.  Presently before the Court is the Motion of United States of America for Summary Judgment and Entry of Judgment and Order of Forfeiture.  For the reasons that follow, the Motion is granted.

## II. BACKGROUND[1]

### A. Claimant's Arrest

In or about January 2018, claimant was under investigation in the Northern District of Alabama for criminal conduct unrelated to this action. The grand jury for that district "returned an indictment of [claimant] charging him with two counts of violating 18 U.S.C. § 922(a)(6), that is, making false statements to a Federal Firearm Licensee." Gov't's SMF ¶ 6; Gov't's Ex. 3. In or about April 2018, a deputy United States Marshal received information that claimant "would be traveling to Philadelphia and he may be in possession of and trafficking firearms." *Id*. at ¶ 7. Claimant flew from Chicago, Illinois to Philadelphia, Pennsylvania on or about April 16, 2018. *Id.* at ¶ 8.

On April 19, 2018, after witnessing claimant leave his mother's residence in Philadelphia, Pennsylvania carrying a backpack and enter a black Chevrolet Impala that he had rented, members of the United States Marshals Service Fugitive Task Force arrested claimant. *Id.* at ¶ 9-10. "Following his arrest, [claimant] was subject to drug screening by the U.S. Pretrial Services Office for this district." *Id.* at ¶ 15. "On or about April 19, 2018, [claimant] tested positive for marijuana" in that drug screening. *Id.* ¶ 16. On or about June 1, 2018, claimant tested positive for marijuana in a second drug screening. *Id.* at ¶ 17.

### B. Search of Claimant's Rental Car

At the time of claimant's arrest, officers "detected a strong odor emanating from the rental car" that they recognized "to be fresh marijuana." *Id.* at ¶ 11. Based on this information and other information obtained during the arrest, United States Magistrate Judge Timothy R.

---

[1] Although the claimant did not file a statement of material facts, the facts are presented in the light most favorable to claimant, as they must on a motion for summary judgment. Where appropriate, the Government's statement of material facts is cited in lieu of a direct citation to the record.

Rice issued a warrant authorizing agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") to search claimant's rental car and its contents.[2]  *Id.* at ¶ 18.  During the search, ATF agents recovered the defendant firearms from claimant's backpack, which was located on the front passenger seat of the rental car.  Gov't's SMF ¶ 20.  Claimant admits he knowingly possessed the firearms when he was arrested and that the defendant firearms were involved in or affected interstate commerce.  Gov't's Ex. 5 (Claimant's Responses to Government's Requests for Admission, "RFA") # 19, 20, 27.

"During the search of Talley's rental car, ATF agents also recovered a small green plastic pill bottle that was located in the driver's side door pocket of the car."  Gov't's SMF ¶ 23; "When [ATF Special Agent Charles] Doerrer opened the bottle, it contained a small amount of a leafy substance."  *Id.*  Claimant testified that the pill bottle belonged to him and that it contained a half-gram to one gram of marijuana for "personal use."  Talley Dep. 65-67, 81:8-9; RFA #22.

**C.  Claimant's Involvement with Drugs**

At his deposition, claimant testified that he used marijuana in the years 2015, 2016, 2017, and 2018.  Talley Dep. 81-85.  He testified that, in 2018, he used marijuana about "once every few months maybe."  Talley Dep. 39:12-18.

Claimant stated that he did not use marijuana on the day of the arrest.  RFA # 15.  When asked if he had used marijuana within thirty days of his arrest in the Government's Requests for Admission, he stated he "does not remember if he used marijuana 30 days prior to the arrest." RFA # 18. However, when asked the same question during his deposition, he testified, "That's the assumption that I'm going to go with."  Talley Dep. 107:24-108:3.

---

[2] Claimant "was the only person authorized to operate the rental car, and no other person had driven the car."  *Id.* ¶ 19; Gov't's Ex. 6 ("Talley Dep.") 53-54, 79.

Claimant has a criminal history involving drugs. In or about November 2015, claimant was arrested in Auburn, Alabama for unlawful possession of marijuana during a traffic stop. Gov't SMF ¶ 47. Claimant admits he possessed marijuana at that time. RFA # 10.

On or about March 19, 2017, claimant was arrested and charged with second degree possession of marijuana during a traffic stop in Cleburne County, Alabama. Gov't SMF ¶ 39-42. Claimant pled guilty to the charge. *Id.* at ¶ 44. Under Alabama law, a conviction for second degree possession of marijuana requires that the marijuana is possessed for personal use. Ala. Code § 13A-12-214.

Officers also discovered firearms in claimant's vehicle during the stop. *Id.* at ¶ 41. As a result, on September 20, 2017, the United States commenced a civil forfeiture action in the United States District Court for the Northern District of Alabama based on the claim that claimant was an "unlawful user" of marijuana and was therefore prohibited from possessing firearms under 18 U.S.C. § 922(g)(3). *United States v. Glock Model 17 9mm Pistol, Serial No. TTA620, et al.*, No. 1:17-cv-01621-CLM (N.D. Ala. filed September 20, 2017). On November 13, 2019, the Alabama court granted summary judgment in favor of the government. *United States v. Glock Model 17 9mm Pistol, Serial No. TTA620, et al.*, No. 1:17-cv-01621-CLM, 2019 WL 5963610 (N.D. Al. Nov. 13, 2019). The court concluded, *inter alia*, that there was no genuine dispute that claimant was an "unlawful user" of marijuana under 18 U.S.C. § 922(g)(3) because by pleading guilty to the second degree marijuana possession charge, claimant necessarily admitted he possessed the marijuana for personal use at the time he possessed the defendant firearms. *Id.* at *3.

After his arrest in April 2018, on or about December 27, 2019, local law enforcement officers in Bucks County, Pennsylvania investigated claimant as part of an investigation into

4

"suspected criminal activity." Gov't's Ex. 9 ("Kedde Dec.") ¶ 2. Officers found a firearm and "a small amount of marijuana" in claimant's vehicle. *Id.* at ¶ 3. Claimant was charged with state violations of: "(1) possession of a firearm by a prohibited person; (2) person not permitted to possess a firearm; and (3) manufacturing, etc. of a controlled substance." *Id.* at ¶ 4. These charges are pending.

### D. Procedural History

The Government filed the Motion of the United States of America for Summary Judgment and Entry of Judgment and Order of Forfeiture on January 31, 2020. Claimant responded on August 7, 2020. The Government filed its Reply on August 11, 2020. The Motion is thus ripe for decision.

### III. LEGAL STANDARD

The Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The Court's role at the summary judgment stage "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. However, the existence of a "mere scintilla" of evidence in support of the nonmoving party is insufficient. *Id* at 252. In making this determination, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment[ ] and resolve all reasonable

5

inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007) (internal citations omitted). The party opposing summary judgment must, however, identify evidence that supports each element on which it has the burden of proof. *Celotex Corp.*, 477 U.S. at 322.

### IV. DISCUSSION

#### A. Applicable Law

Under 18 U.S.C. § 922(g)(3), it is "unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . [to] possess in or affecting commerce, any firearm." Section § 924(d)(1) provides that "[a]ny firearm or ammunition used in any knowing violation of [§ 922(g)(3)] . . . shall be subject to seizure and forfeiture."

Marijuana is a controlled substance under the Controlled Substances Act. 21 U.S.C. §§ 802(6), 812(c)(10). However, section 922 does not define "unlawful user" of a controlled substance. The Third Circuit explained that an unlawful user is an individual who has "engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm." *United States v. Augustin*, 376 F.3d 135, 139 (3d Cir. 2004). In contrast, drug use that is "remote in time or an isolated occurrence" does not qualify an individual as an unlawful user. *Id.* at 138, 139 (holding defendant was not an unlawful user because "[t]here was no evidence that [defendant] had ever used drugs prior to the single use on [the date of the incident], or that he ever used drugs again.").

#### B. The Government's Motion for Summary Judgment

The Government contends that claimant was an unlawful user of marijuana at the time he possessed the defendant firearms. For the defendant firearms to be subject to civil forfeiture based on that allegation, the government must prove: (1) claimant knowingly possessed the

firearms; (2) claimant was an unlawful user of marijuana at the time he possessed the firearms; (3) claimant knew he was an unlawful user of marijuana at that time; and (4) the firearms were "in or affecting interstate commerce." 18 U.S.C. § 922(g)(3); *see Rehaif v. United States*, 139 S. Ct. 2191, 2195-97 (2019). Claimant does not dispute he knowingly possessed the firearms when he was arrested or that the defendant firearms were involved in or affected interstate commerce. RFA # 19, 20, 27. Therefore, the disputed issues in this case are whether claimant was an unlawful user of marijuana at the time he possessed the defendant firearms and whether claimant knew he was an unlawful user at that time.

### i. *Claimant's Status as an Unlawful User*

The Government argues claimant was an unlawful user of marijuana at the time he possessed the defendant firearms based on the evidence that he was an unlawful user of marijuana in March 2017 and he continued to use marijuana through the time of his arrest in April of 2018 until his arrest in December of 2019. Claimant does not dispute those allegations in his Response. However, he argues (1) the Controlled Substances Act does not define the term "unlawful user;" and (2) his "admittance to marijuana use in the past is not proof of 'current/present' use." Cl.'s Resp. 4. The Court addresses each argument in turn.

#### a. *Vagueness*

Claimant first argues that the Controlled Substances Act violates the Plain Writing Act of 2010 because the Controlled Substances Act "does not clearly state what, if any, are the time restrictions, or proximity of time of use" for an individual to be an "unlawful user." Cl.'s Resp. 4. In its Reply, the Government explains that § 922(g)(3) refers to the Controlled Substances Act to define "controlled substance," not "unlawful user." It argues "unlawful user" is defined by

Third Circuit precedent, cited in Section (IV)(A), *supra*. The Court agrees with the Government on this issue.

As a preliminary matter, the Plain Writing Act of 2010, Pub. L. No. 111-274, 124 Stat. 2861 (2010), does not apply to § 922(g)(3). The Plain Writing Act requires federal agencies to use "plain writing" in the documents they issue or substantially revise. *Id.* at § 4(b). It applies only to documents issued by executive agencies, not statutes enacted by Congress. *Id.* at § 3(1). As such, it does not apply to § 922(g)(3), as claimant contends. Additionally, the law expressly states that "[t]here shall be no judicial review of compliance or noncompliance with any provision of this Act." *Id.* at § 6(a). Accordingly, the Court rejects claimant's argument that § 922(g)(1) is unlawfully vague under the Plain Writing Act.

Moreover, under the plain text of § 922(g)(3), the clause "as defined in section 102 of the Controlled Substances Act" modifies the phrase "controlled substance." *See* 18 U.S.C. § 922(g)(3) ("It shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . [to] possess in or affecting commerce, any firearm."). The Controlled Substances Act defines "controlled substance," not "unlawful user," as claimant contends. *See Augustin*, 376 F.3d at 139 ("The term unlawful user is not otherwise defined in the statute [§ 922(g)(3)].") (internal quotation omitted). The Third Circuit has defined "unlawful user" as an individual who has "engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm." *Augustin*, 376 F.3d at 139. Thus, the fact that the Controlled Substances Act does not define "unlawful user" is of no consequence in this action.

### b. Claimant's Unlawful Drug Use

Claimant next argues that the Government has not presented sufficient facts to establish that he was an unlawful user of marijuana at the time he possessed the defendant firearms. Cl.'s Br. 4. He argues that "[t]he marijuana metabolite (THC) is known to be detected in a person's urine system for at least 30 days or more after use depending on the dose and frequency of use," and "30 days is not considered to be current." *Id.* The Court disagrees with claimant on this issue.

In making this argument, claimant has written the word "current" into the statutory language of § 922(g)(3). The statute does not require current use of drugs. Rather, a claimant must have "engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm." *Augustin*, 376 F.3d at 139.

Claimant's history of marijuana use spans several years, and he testified that he was using marijuana "every few months" in 2018. Talley Dep. 81-85; 39:12-18. He also admitted that at the time of his arrest on April 19, 2018, he possessed marijuana for "personal use," and he tested positive for marijuana on that date and on June 1, 2018. Talley Dep. 81:8-9; SMF ¶¶ 16, 17. According to claimant, these test results mean claimant used marijuana at least twice within the two-and-a-half-month period between March 20, 2018—thirty days prior to his test on April 19, 2018—and June 1, 2019. Further, claimant was arrested for drug possession after the current incident, demonstrating his continued involvement with drugs after this arrest.

The Court concludes the undisputed evidence establishes that claimant's drug use was "regular," and "proximate to or contemporaneous with the possession of the firearm" on April 19, 2018. *Augustin*, 376 F.3d at 139. No reasonable jury could find that claimant was not an unlawful user of marijuana as of April 19, 2018 and all other times material to this case.

> *ii. Claimant's Knowledge of His Status as an "Unlawful User"*

The Government argues the same facts establish that claimant knew of his status as an unlawful drug user. The Court agrees with the Government on this issue.

Claimant's deposition testimony establishes that he knew he used marijuana. He testified that the marijuana found in the pill bottle in his rental vehicle was for "personal use" and that he was using marijuana "once every few months." Talley Dep. 81:8-9; 39:12-18. Claimant also knew that his marijuana use was unlawful based on the civil forfeiture action against him in the Northern District of Alabama, which was filed on September 20, 2017. *United States v. Glock Model 17 9mm Pistol, Serial No. TTA620, et al.*, No. 1:17-cv-01621-CLM (N.D. Ala. filed September 20, 2017). The Complaint in that action alleged that he was an unlawful user of marijuana. Compl. at 20, *United States v. Glock Model 17 9mm Pistol, Serial No. TTA620, et al.*, No. 17-cv-01621 (N.D. Ala. Nov. 13, 2019). This put claimant on notice that his marijuana use was unlawful under federal law. No reasonable jury could find that claimant did not know he was an unlawful user of marijuana at the times he possessed the defendant firearms.

## V. CONCLUSION

For the foregoing reasons, the Motion of United States of America for Summary Judgment and Entry of Judgment and Order of Forfeiture is granted. All right, title, and interest in the defendant firearms is forfeited to the United States of America, and judgment is entered in favor of plaintiff United States of America and against defendant firearms. An appropriate order follows.